STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ALLAN W. REDFIELD, PLAINTIFF IN ERROR.

Argued January 21, 1931—Decided July 2, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the plaintiff in error, *Harvey F. Carr.*

For the defendant in error, *Clifford A. Baldwin,* prosecutor of the pleas.

PER CURIAM.

The plaintiff in error, Allan W. Redfield, was convicted in the Camden County Court of Quarter Sessions upon an indictment charging that, on January 20th, 1927, he, holding an office of trust and profit under the city of Gloucester City, a public corporation existing under the laws of the State of New Jersey, said office being that of clerk of the water department of that city, did embezzle the sum of $1,000 of the money committed to his keeping by virtue of a certain payment made by or on account of the Air Reduction Sales Company, a consumer of water of the city, with intent to defraud the city.

After sentence, he sued out this writ of error, and assigns error on bills of exceptions and specifications of causes for reversal under section 136 of the Criminal Procedure act, he having elected to bring up the entire record of the trial.

The state's evidence reasonably tended to show the following matters of fact: The Air Reduction Sales Company, a customer of water in the city of Gloucester City, was sent a bill for $1,146.24 for water rent, which bill was paid by the company by means of its check sent to the defendant, who was the clerk of the water department, drawn on the Central National Bank of Philadelphia to the order of the city of Gloucester City bureau of water, which check was dated November 22d, 1926. The check was deposited by the defendant in the bank account of the Gloucester City water department at the Gloucester City Trust Company on December 17th, 1926. On that day defendant had in his employ to do some clerical work for him one Dorothy L. Kavanaugh, who was not in the employ or in the pay of the water department, and who was doing the work at her home. Under date of January 20th, 1927, Miss Kavanaugh wrote down and posted in the 1927 cash book an item of payment by the Air Reduction Sales Company in a column marked "total" and in another column marked "water rent" in an amount of only $146.24. She testified at the trial that she got this amount from a stub which was supplied to her by the defendant.

The handwriting expert called by the state testified concerning his examination of a pink sheet of paper marked with the number 88 which was contained in a book which had been turned over by the defendant to Norman D. Dorsett, an auditor of the state department of municipal accounts, which was described by the defendant to the auditor as the record of all metered consumption. The handwriting expert testified that the pink sheet of paper disclosed that there had been erasures upon the sheet in the places occupied at the time of the trial by the numerals "584976" and "25" and "$146.24," and that book is an exhibit in the cause marked *Exhibit S-5*. All of the writing upon this pink sheet of paper was a carbon paper reproduction of the original writing, with the excep-

tion of the following: "1-20-27, Allan W. Redfield," which was in original pencil writing; and the defendant himself on cross-examination testified that it was his practice to so write on the carbon copy of bills sent out to customers when such bills were paid, and he admitted his signature in the original pencil writing upon such carbon copy of the bill as an indication that he knew such check had come in. The handwriting expert testified that the figures "584975" and "25" and "$146.24" were in the handwriting of "the same person" that filled up the body of this bill or receipt and who signed the name of A. W. Redfield on it, and who also made all the entries on page 168 of the cash book (*Exhibit S-6*), which was in defendant's handwriting, the state auditor having seen the defendant write up page 168 of *Exhibit S-6*. The handwriting expert made use of that page 168 as a sample of the handwriting of the defendant.

We think that this evidence justified the jury in inferring that the defendant, knowing that the check for $1,146.24 had come in from the Air Reduction Sales Company, indicated the fact of payment by a date and his signature on the pink carbon copy of the bill, but wrote down, through the instrumentality of a sheet of carbon paper the amount of the payment as being only $146.24, after erasing some figures which previously indicated the true amount of the charge, and some figures which indicated meter readings, unit price, &c., the handwriting expert having testified that the writing over the erasures had taken place after the original copy of the next succeeding bill had been made out and torn from the book.

Other evidence submitted by the state tended to show the real shortage of the $1,000 mentioned in the indictment both in the accounts of the defendant and in the moneys turned over by him to the water department, and tended to negative any contention that in spite of improper bookkeeping the city might actually have received the $1,000 not entered in the cash book as part of the Air Reduction Sales Company's payment. Upon the whole case we think that the proofs were

amply sufficient to justify the jury in finding the guilt of the defendant and his intent to defraud the city of $1,000.

Defendant's first point is that the indictment was insufficient because (a) the date of the commission of the offense charged appeared in Arabic numerals, and (b) that in the indictment there was no averment of the ownership of the moneys referred to therein nor any averment that the moneys were received by the defendant in his capacity as clerk of the water department.

The trial court permitted an amendment of the Arabic numerals "1927" to read "nineteen hundred and twenty-seven." That amendment was properly allowed by virtue of section 44 of the Criminal Procedure act as interpreted by *State* v. *Kern,* 51 *N. J. L.* 259; *State* v. *Johnson,* 91 *Id.* 611, and *State* v. *Mandell,* 105 *Id.* 270.

With respect to the averment as to the ownership of the moneys embezzled and their receipt by the defendant in his capacity as clerk of the water department, we think that the indictment fairly apprised the defendant of the precise nature of the charge made against him, and that defendant was not thereby prejudiced in maintaining his defense upon the merits. The indictment was rested on section 167 of the Crimes act making it a high misdemeanor for any person holding an office of trust and profit under the authority of any public corporation existing under the laws of this state to embezzle any money, property or securities committed to his keeping, with intent to defraud any city or to fraudulently dispose of the same.

Embezzlement being a statutory offense the sufficiency of the indictment is to be tested by the requirement of the statute upon which it is bottomed. So tested, we think the indictment sufficient in respect to the averment as to the ownership of the money and that it was received in defendant's capacity as clerk of the water department. *State* v. *Bartholomew,* 69 *N. J. L.* 160.

Defendant next argues that the court erred in admitting in evidence the ledger account of the Gloucester City Trust Company with the Gloucester City water department. We

think not. The general ledger bookkeeper testified that he was familiar with the records of the trust company, although entries might have been made by several men, some of whom were no longer with the bank and their whereabouts unknown. But if there was technical error here, it is not perceived how the defendant could have been prejudiced thereby, for the ledger account appeared as only one of the foundations upon which the auditor established the comparison between the amounts with which defendant charged himself and the amount which he deposited with the Gloucester City Trust Company and later turned over to the city. And moreover the defendant in his testimony did not challenge any of the figures shown by the ledger account.

Defendant's next contention is that there was no proof that "the clerk has any duty whatever with regard to the moneys of the water department of the city of Gloucester City," and "that the indictment charges an embezzlement of money while the proofs relate to a check."

The ordinance introduced in evidence provided that there should be a clerk of the water department and that he should receive an annual salary of $300. There was testimony that the annual salary of $300 was paid to the defendant over a term of years comprehending the period in question, and the further proof that the water revenues of the city for the same period passed to the custody of the city treasurer by check from the defendant from four to eight times a year. That proof certainly tended to establish the defendant's *de facto* trusteeship over such water revenue.

We think that the evidence tended to show the embezzlement of the money as charged in the indictment. If, as the evidence tended to show, the Air Reduction Sales Company did pay to defendant $1,146.24, and if the city did get from him only $146.24, then clearly he did embezzle the other $1,000, and it matters not that the proofs incidentally involve the handling of a check. There was ample evidence tending to show that defendant did receive into his custody the sum of $1,000 committed to his keeping as a part of the $1,146.24 payment, and that the city has never received that $1,000,

identified and earmarked as such, or any other $1,000 which might be it.

We believe that these observations in effect dispose of all points raised and argued requiring mention.

The judgment will be affirmed.